UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONYA CHRISTIAN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     NO. 3:19-cv-0685 |
| | ) |
| DCS – STATE OF TN. et al, | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION & ORDER**

Tonya Christian has filed a Complaint for Violation of Civil Rights (Doc. No. 1) against DCS – State of TN and numerous individuals. For good cause shown, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 4) is **GRANTED**. However, for the reasons set forth herein, the Complaint is **DISMISSED**.

**I.**    **Initial Review**

Because Plaintiff proceeds in forma pauperis, the Court is required under 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. Factual and Procedural Background

Plaintiff names "DCS–State of TN" as a defendant in the case caption of the complaint. In the body of the pleading she identifies the following as defendants: Elizabeth Brown, Amani Loggins, Kiara Davis, Una Norwood, Caitlyn Febles, and Chelsea Woods, all of whom are alleged to be "case workers"; Robert E. Lee Davies, Donna Davenport, and Adam T. Dodd, all of whom are state court judges or magistrates; Jasmine White, "clinical manager" for Youth Villages; Carl Moore, "GAL"; Martha Gillipse-Stewart [sic], State Attorney; Matthew Wright, State Attorney; and Shonda Reynolds Christian, Team Coordinator for DCS. (Doc. No. 1, at 1–3.)

Plaintiff alleges only that her child was removed, presumably from her home, without a warrant, in violation of her parental rights as well as her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. She asserts that her rights have been violated in a number of ways and provides a substantial number of legal citations and summations of the law that she believes supports her position. She states that this Court "has also failed to follow rulings by the Supreme Court." (Doc. No. 1, at 6.)

Plaintiff does not allege any actual facts in support of her claims, but she indicates that she has "already presented paperwork about this several times in this court." (Id.) In that regard, the Court takes judicial notice that Plaintiff has filed two previous lawsuits in this Court. The first, Christian v. Reynolds Christian, No. 3:17-cv-00809, was filed in May 2017 and named as defendants most of the defendants named in the current case, in addition to many others. It was

2

assigned to the Honorable Aleta A. Trauger, who dismissed the case without prejudice on initial review for lack of jurisdiction and failure to state a claim for which relief may be granted. Plaintiff did not take an appeal.

The second case, Christian v. Reynolds-Christian, No. 3:19-cv-00133, was assigned to the Honorable Eli J. Richardson. On initial review, Judge Richardson dismissed the claims against all but four defendants and referred the case to the magistrate judge. The magistrate judge later entered two separate Reports and Recommendations, recommending that the Motions to Dismiss filed by the remaining defendants be granted and that the claims against those defendants be dismissed for lack of jurisdiction and failure to state a claim for which relief could be granted. Plaintiff did not file objections to the magistrate judge's Reports and Recommendations. Judge Richardson therefore granted the Motions to Dismiss and dismissed the case in its entirety in July 2019. Plaintiff did not appeal the dismissal of that case either.

Plaintiff filed this lawsuit on August 8, 2019, shortly after the dismissal of her second lawsuit.

**III. Analysis**

Insofar as Plaintiff seeks to bring suit against the same defendants based on the same events at issue in her two prior lawsuits, all of which were previously dismissed, the claims are still subject to dismissal on the same grounds as those asserted by Judges Trauger and Richardson in the prior cases.[1] The appropriate course of action, if Plaintiff disagreed with the

---

[1] Prior claims against any defendants that were dismissed with prejudice on the merits would be barred by *res judicata*, but it appears that most of the prior claims were dismissed without prejudice, in which event *res judicata* does not attach. See Montana v. United States, 440 U.S. 147, 153 (1979) (*res judicata* "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate"); Ohio ex rel. Boggs v. City of Cleveland, 655 F.3d 516, 522 (6th Cir. 2011) (noting that res judicata requires "prior final, valid decision on the merits" and declining to apply it to prior dismissal without prejudice).

prior rulings in those cases, was to appeal the dismissal.

To the extent Plaintiff seeks to bring suit based on entirely new events, those claims are subject to dismissal for failure to state a claim for which relief may be granted, because Plaintiff has not alleged any facts—as opposed to conclusory statements and legal theories—in support of such claims.

**IV.     Conclusion and Order**

Plaintiff's application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

The Complaint is **DISMISSED** without prejudice for failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE